BELLA CARDONNER, as Administratrix, etc., of JOHN C. CARDON-
NER, Deceased, Appellant, *v.* THE METROPOLITAN STREET RAIL-
WAY COMPANY, Respondent.

*Negligence — bicycle rider in a city street darting from behind one street car and run-
ning into another approaching one.*

An expert bicycle rider, familiar with the streets of New York, who was riding a
bicycle in that city behind a car going down town, turned out from behind the
car as it stopped before entering a curve, passed in front of it, and entered
upon the other track where he was killed by an approaching uptown car, which,
when he darted from behind the downtown car, was only twenty-five feet distant.

In an action brought to recover the damages resulting from his death it was

*Held,* that, considering the interval of time between the intestate's appearance
and the collision, negligence could not be imputed to the defendant, and that
the facts tended to show affirmatively the existence of contributory negligence
on the part of the intestate, rather than its absence.

APPEAL by the plaintiff, Bella Cardonner, as administratrix, etc.,
of John C. Cardonner, deceased, from a judgment of the Supreme
Court in favor of the defendant, entered in the office of the clerk of
the county of New York on the 2d day of August, 1898, upon the
dismissal of the complaint by direction of the court after a trial at
the New York Trial Term, and also (as stated in the notice of
appeal) from an order denying the plaintiff's motion for leave to go
to the jury upon the question of the negligence of the defendant
and the contributory negligence of the plaintiff's intestate.

This appeal was transferred from the first department to the
second department.

The action was brought to recover damages resulting from the
death of the plaintiff's intestate alleged to have been caused by the
negligence of the defendant.

*Alfred C. Cowan,* for the appellant.

*Charles F. Brown* [*Henry A. Robinson,* with him on the brief], for the respondent.

PER CURIAM:

The appellant calls the attention of the court to a great variety of rules laid down by the courts in dealing with questions of negligence, citing a long line of authorities which we are bound to respect; but the difficulty is that none of these rules were made to fit the facts as established on the trial of this action, and we are forced to agree with the learned trial court that the plaintiff has failed to establish her right to recover. Plaintiff's intestate was an expert bicycle rider, a teacher in a bicycle academy, was familiar with the streets of New York, and particularly with that portion of the streets where the accident complained of occurred. This was at the corner of Fifty-third street and Seventh avenue, where the cars from Fifty-third street run in on to the Seventh avenue line. The evidence shows that he was riding behind a car going downtown; that the car stopped for the signal before entering upon the curve, and that plaintiff's intestate turned out and passed the car, crossing the track in front of it and entering upon the uptown track, where he was met and struck by a car going uptown. There was only a distance of twenty-five feet from the point where plaintiff's intestate dodged from behind the car which he was following into the track on which the car that struck him was advancing; and as both were going in opposite directions toward the same point, the interval of time between his appearance and the contact must have been so short that it is impossible, with fairness, to impute negligence to the defendant. The plaintiff's intestate was familiar with the dangerous situation into which he was riding; to him the danger was known and obvious, and there is an entire lack of evidence tending to show that he was free from contributory negligence. Indeed, the evidence tends rather to affirmative proof of contributory negligence than to the opposite conclusion, and the learned trial court very properly dismissed the complaint.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.